UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA and RUSSELL AMIDON,
as next friends of their son, RICHARD
AMIDON,

       Plaintiffs,                          Case No. 04-75003

v.                                          Hon. Gerald E. Rosen

STATE OF MICHIGAN, *et al.,*

       Defendants.
_____/

**ORDER REGARDING
PLAINTIFFS' MOTIONS FOR SUBSTITUTED SERVICE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       April 19, 2005

PRESENT: Honorable Gerald E. Rosen
                     United States District Judge

Plaintiffs commenced this suit on December 23, 2004 against a host of Defendants, both institutional and individual, arising from the alleged failure to provide their son, Richard Amidon, with a free and appropriate public education in light of his disabilities. Through motions filed on March 28 and April 15, 2005, Plaintiffs now request that the Court authorize a substitute form of service on several of the individual Defendants, in light of Plaintiffs' inability to this point to personally serve these individuals with a

summons and a copy of the complaint.[1]

These failed attempts at service all followed a fairly consistent pattern.  Initially, Plaintiffs' process server approached the schools where the individual Defendants formerly were employed, but was told that the subject individuals no longer worked at these schools and that their present whereabouts were unknown.  Next, Plaintiffs conducted Internet or Westlaw searches in an effort to obtain addresses for these individuals, but these searches were either inconclusive or yielded addresses where attempts at personal service have subsequently failed.  Accordingly, through their present motions, Plaintiffs request that they be permitted to serve these individuals through counsel for the Defendant school districts that formerly employed these persons.  Plaintiffs also ask that the Court grant additional time for service, where the summonses are set to expire on or around April 26, 2005.

The Court declines to award the full relief sought by Plaintiffs, where the record fails to establish that they and their process server have taken all reasonable steps to ascertain the present or last known addresses of all of the individual Defendants in

---

[1] This case was assigned to this Court as a companion to an earlier, essentially identical suit, Case No. 03-73573.  This prior action was dismissed without prejudice by stipulated order dated October 27, 2004, under which Plaintiffs were granted a period of 60 days in which to re-file the lawsuit.  At the time of this dismissal, Plaintiffs had sought leave to amend their complaint to name several additional individual Defendants, most or all of whom now appear as parties in the complaint filed in the present action.  Defendants in the prior suit opposed this proposed amendment on a number of grounds, including futility and a failure to make specific allegations that might support a theory of recovery against these individuals.  The Court was prepared to address this matter at an October 12, 2004 status conference, but refrained from doing so upon learning that a dismissal was imminent.

question. In particular, while Plaintiffs apparently have attempted to obtain this information from officials at the school buildings where Defendants formerly were employed, it does not appear from the record that they have requested this information directly from the Defendant school districts. Although officials at a particular school might not know the present whereabouts of former employees, it seems much more likely that such information might be available at the school district level. In any event, the Court believes it reasonable to require that Plaintiffs explore this avenue before seeking to employ an alternative, clearly inferior manner of service.[2] The Court further instructs the Defendant school districts to promptly provide to Plaintiffs' counsel any such information in their possession regarding the last known addresses of the individual Defendants in question. Finally, the Court agrees that it is appropriate to grant a modest extension of the time limit for service to allow for these additional efforts.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' March 28, 2005 Motion for Substituted Service and Plaintiffs' April 15, 2005 Emergency Motion for Immediate Consideration are GRANTED IN PART and DENIED IN PART, in accordance with the rulings in this order. IT IS FURTHER ORDERED that Plaintiffs are granted an additional *sixty (60) days*, until *June 27, 2005,* in which to serve a summons

---

[2] After all, if the Defendant school districts do not know the present locations of these individuals, it is difficult to see how service on the school districts' counsel will serve to inform them that they have been named as parties to this litigation.

3

and a copy of the complaint upon the individual Defendants identified in Plaintiffs' motions.

Finally, in light of the issues raised in the prior litigation, Case No. 03-73573, regarding the viability of Plaintiffs' claims against the individual Defendants and the possible insufficiency of the allegations made against these individuals,[3] Plaintiffs and their counsel are strongly cautioned that the Court will carefully examine the claims asserted against each individual Defendant to ensure that they comport with the standards of Fed. R. Civ. P. 11(b).  If Plaintiffs elect to go forward with these claims and the Court subsequently determines that they are unfounded, the Court will seriously consider the imposition of sanctions under Fed. R. Civ. P. 11(c).

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

**PROOF OF SERVICE**

The undersign hereby certifies that the foregoing Order was served upon the attorney(s) and/or party(ies) of record on April 19, 2005 by electronic means or first class U.S. mail.

s/Donna D. Vinson
Judicial Assistant

---

[3]In particular, just as Defendants complained in the prior suit about the lack of specific allegations as to the vast majority of the individuals sought to be added as parties in Plaintiffs' proposed amended complaint, the complaint in the present action is similarly lacking in specific allegations of purportedly unlawful conduct engaged in by all but a small handful of the 32 individual Defendants.  Instead, most of these individuals are named only in a single, general paragraph alleging that they worked at one of the schools attended by Richard Amidon.